**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AHMAD YAPETT DIXON,

          Petitioner,

vs.                                Case No. 3:06-cv-519-J-32TEM
                                          3:03-cr-242-J-32TEM

UNITED STATES OF AMERICA,

          Respondent.

**ORDER**[1]

This case is before the Court on Petitioner Ahmad Yapett Dixon's pro se Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Doc. 1; Crim Doc. 58).[2] The government filed a response (Doc. 5); Dixon filed a reply. (Doc. 9). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

**I. BACKGROUND**

Petitioner was arrested on January 30, 1988 for Possession of Cocaine,

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Citations to Dixon's criminal case file, 3:02-cr-249-21-TJC, are denoted as "Crim. Doc. ____." Citations to Dixon's civil § 2255 case file, 3:06-cv-555-21-TJC, are denoted as "Doc. ____."

aggravated battery with a firearm and attempt to commit first-degree murder.[3]  At the time of this arrest, Petitioner was sixteen years of age.  Petitioner pleaded guilty to possession of cocaine and simple aggravated battery.  Petitioner was certified as an adult but charged as a Youthful Offender for both of these crimes.  These crimes were sentenced together on April 21, 1988.  He was sentenced to four years imprisonment for each crime, the sentences to run concurrently.  On August 9, 1993, Dixon was arrested for possession with intent to distribute cocaine.[4]  He was sentenced on May 11, 1994.

On or about June 5, 2003, Petitioner was indicted in this Court for knowingly, willfully, and intentionally distributing cocaine base. (Crim. Doc. 1).  Petitioner pleaded guilty to this charge on October 7, 2003. (Crim. Doc. 24).  The plea was accepted and Petitioner was adjudicated guilty on October 28, 2003. (Crim. Doc. 29).  The Court determined that Petitioner was a career offender, based on his prior aggravated battery and possession of cocaine convictions.  Petitioner was sentenced to 151 months imprisonment and 36 months of supervised release on April 26, 2004. (Crim. Doc. 38).  Petitioner filed a timely notice of appeal to the Eleventh Circuit, attacking his sentence. (Crim. Doc. 40).  The Eleventh Circuit affirmed Petitioner's sentence on

---

[3] Case No. 88-1057-CF.  While a letter from Defendant's counsel, Maurice Grant, indicates that there were two arrests for these crimes, the Court will credit the representation of Probation that Petitioner was arrested for all charges on January 30, 1988.  See Presentence Report at 4, ¶ 23.

[4] Case No. 93-195-cr-J-20.

May 2, 2005. (Crim. Doc. 52). Thereafter, Petitioner filed this motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 1; Crim. Doc. 58).

## II. DISCUSSION

Petitioner claims in his § 2255 motion that his counsel was ineffective for failing to adequately investigate his criminal history. (Doc. 1). Petitioner's argument in his original petition, that an investigation would have disclosed reasons to remove him from the career offender guidelines, is without merit.[5] However, in his reply to the government's response, Petitioner raises a separate argument. Petitioner asserts that his aggravated battery conviction should not have been used as a basis for career offender status, and that his attorney was ineffective for allowing the offense to be used as such. (Doc. 9).

In order to qualify as a career offender, the defendant must be: (1) "at least eighteen years old at the time . . . [of] the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). According to the Eleventh Circuit in United States v. Wilks, "prior youthful offender

---

[5] While not entirely clear, Petitioner appears to argue that his prior convictions for assault and drug possession should not have been consolidated for purposes of calculating whether he was a career offender under the sentencing guidelines because they were separated by an intervening arrest. Nothing in the record supports his factual contention and even if true, the result would have led to an increase in Petitioner's criminal history score under the guidelines. See USSG § 4A1.2(a)(2).

3

convictions under state law may be used as predicate offenses to classify an adult defender as a career offender . . . if the defendant's youthful offense resulted in an adult conviction and a sentence of more than one year and one month." 464 F.3d 1240, 1242 (11th Cir. 2006). Even though a state classifies a defendant as a "youthful offender," a conviction is considered an adult conviction if the defendant was convicted in an adult court and received and served an adult sentence. United States v. Pinion, 4 F.3d 941, 944-45 (11th Cir. 1993) (holding that the defendant's prior youthful offender aggravated battery charge was properly utilized as a basis for his career offender status).

In this case, Petitioner's juvenile crime of aggravated battery resulted in a sentence of four years imprisonment.[6] He was certified as an adult for this crime.[7] Therefore, it was appropriate for the Court to utilize Petitioner's aggravated battery offense to determine his career offender status, even though he was also called a "youthful offender" under state law. Wilks, 464 F.3d at 1243. Petitioner's counsel was not ineffective for failing to challenge the application of this offense to the defendant's career offender status according to the standard enumerated in Strickland v. Washington, 466 U.S. 668, 688, 691-92 (1984). Accordingly, it is hereby

---

[6] Case Nos. 88-1057-CF; 88-1058-CF.

[7] Case Nos. 88-1057-CF; 88-1058-CF.

**ORDERED**:

1. Petitioner Ahmad Yapett Dixon's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (Doc. 1) Is **DENIED**.

2. Dixon's request for appointment of counsel is also **DENIED** as moot. The Clerk shall enter judgment in favor of the United States and against Ahmad Yapett Dixon, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of April, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jcd.
Copies:
counsel of record
pro se party